1456

Annie BROCK, Benita Howey, Mr. and Mrs. F.M. Duckworth and Mrs. Oma Barnes, Appellants v. BOARD OF ADJUSTMENT AND APPEALS OF the CITY OF ROCK HILL, The City of Rock Hill and Sister Help Program, Respondents.

(397 S.E. (2d) 253)

Court of Appeals

*Robert Marshall Jones,* Rock Hill, *for appellants.*

*Emil W. Wald* and *Mitchell K. Byrd,* Rock Hill, *for respondents.*

Heard Dec. 11, 1989.

Decided Feb. 5, 1990.

*Per Curiam:*

This is a zoning case. The Sister Help Program sought to have the Board of Adjustment and Appeals of the City of Rock Hill renew its permit to operate a shelter for victims of domestic abuse in the district where Annie Brock, Benita Howey, Mr. and Mrs. F.M. Duckworth, and Oma Barnes reside. The Board renewed the permit. On writ of certiorari, the circuit court affirmed the Board. The neighbors appeal. We reverse.

In late 1985, Sister Help applied to the City of Rock Hill for utilities hook ups and for a permit to renovate two existing

residences to operate the shelter for battered women and children. The Zoning Administrator denied the permit on the ground that a shelter of this kind was not a permitted use in the proposed district. The district was zoned RG-0 which the City zoning code defines as a transitional district between commercial or industrial and residential areas.

Because shelters were not expressly prohibited under the zoning code, Sister Help applied to the Board of Adjustment and Appeals for administrative review. On December 10, 1985, the Board voted ". . . to grant the use for one year during which [time] the City Council and Planning Commission would be asked to review the Code to determine whether and in what districts shelters should be specified in the Code, and during which [time] the operation of the shelter and any problems experienced by the neighbors could be observed. If after one year, the Code has been changed to exclude such use in RG-0 or if sufficient problems have occurred causing hardship on the neighbors, the Board would require that the shelter move from the location." This decision was unappealed.

On April 29, 1986, the neighborhood was rezoned RS-3, a more restrictive residential classification. On January 26, 1987, the City Council passed an ordinance which defined "group home"[1] and classified group homes as "Use Permitted on Review" in both RG-0 and RS-3 districts.

The Board met in January and February of 1987 to address renewal of Sister Help's permit. At these meetings, the Board heard the neighbors' complaints concerning the operation of the shelter, but took no action. In March of 1987, the Board again addressed renewal of the permit. At this time, the Chairman of the Board put two questions to the Board for a vote: (1) has the code changed to exclude group homes from the RG-0 district; and (2) have there been sufficient hardships in the neighborhood to require the shelter to move? The vote on both questions was a three to three tie. The Chairman ruled the failure of the Board to find that the shelter created a sufficient hardship on the neighbors or that the zoning code prohibited the shelter entitled Sister Help to continue the use. The permit was renewed.

---

[1] It is uncontested that the shelter comes under this definition of "group home."

The neighbors petitioned the circuit court for a writ of certiorari to review the Board's decision.[2] On April 7, 1987, the circuit court granted the writ, and, after a hearing, affirmed the Board.

The question before this Court is whether the permit issued to Sister Help in December of 1986 could be renewed after one year upon the vote of three members in favor of continuing the use.

The dispositive fact in this case is that the initial permit granted the use for one year only. This permit expired in December of 1986. In January of 1987, before any further action was taken on renewal of Sister Help's permit, the City Council passed the ordinance requiring permits for group homes to be granted only upon review by the Board. The applicable state statute and the parallel city ordinance require the concurring vote of four members of the Board to decide in favor of granting a use permitted on review.[3] Sister Help received only three votes in its favor and, therefore, was not entitled to renewal of the permit.

Reversed.

---

[2] Section 5-23-150, Code of Laws of South Carolina, 1976, as amended.

[3] Section 5-23-140, Code of Laws of South Carolina, 1976, as amended, in pertinent part, provides:

> ... [T]he concurring vote of four members of the board shall be necessary ... to decide in favor of the applicant on any matter upon which it is required to pass under any such ordinance or to effect any variation in such ordinance.

Section 320.04 of the Ordinances of the City of Rock Hill similarly states:

> The concurring vote of four members of the Board shall be necessary ... to decide in favor of the applicant in any matter upon which it is required to pass under Section 320.1 and 320.03, or to grant any use permitted on review in accordance with Section 320.02.